PER CURIAM.
This is an appeal from a final judgment entered upon appellant’s petition for determination of paternity that determined custody, visitation, and support obligations regarding the parties’ child. The final judgment is unorthodox in that it contains no recitations, findings or conclusions but, instead, incorporates seventeen pages of transcript from the final hearing as “the best evidence” of the trial judge’s ruling. The transcript not only includes findings, but also testimony and dialogue with the attorneys. We discourage such practice.[1]
Of the eight issues presented here, we affirm I, III, IV, V and VIII and reverse with instructions as to II, VI and VII.
*937 TaMng the reversed issues in order, the trial court erred in ordering appellant to reimburse appellee for the child’s insurance. She did not seek relief for same in her pleadings, nor was the matter tried by consent.
It further erred in how it calculated appellant’s child support obligation based on the parties’ income.[2] On remand the final judgment is to be modified so appellant’s monthly child support payment is between $430.41 and $433.45.
Finally, on remand the parties are to bear their own attorney’s fees, their incomes being almost equal at the time of the final hearing.
GLICKSTEIN, STONE and STEVENSON, JJ., concur.

. This should not be construed as a comment on the more common practice of incorporating a transcription of a court’s clearly stated oral findings, reasoning or conclusions, made for the record, into an order or judgment, a circumstance unlike that described above.

. Section 61.30, Florida Statutes (1995), requires the court to start with the parties' gross income and subtract tax deductions. Here, the parties' combined incomes after taxes is $2,670.84. The trial court applied this number to the table in section 61.30 and determined a support obligation of $582. The court erred because pursuant to the statute, it should have first subtracted the $60-70 per month appellant pays for his health insurance. § 61.30(3)(e), Fla. Stat. (1995). This would result in a combined net income of $2,600.84 — $2,610.84, and according to the statute, a basic support obligation of $568-$570. The statute then requires that 75% of the daycare costs be added onto the basic obligation. § 61.30(7). Here day-care was $316.33 per month: 75% of that is $237.25. Adding the $237.25 to the basic obligation makes it $805.25-$807.25. Then the statute requires the cost of the child’s insurance to be added to the basic obligation. § 61.30(8). Here, the cost of the child's insurance was $80-$90 dollars per month, making the basic obligation $885.25-$897.25 per month. Each parent’s percentage of the child's support need shall be determined by dividing each parents net income by the combined net income. This makes appellant’s share of the support obligation 58%. Thus appellant’s payment should be $513.45-$520.41 per month. However, the statute also requires appellant to be credited for the $80-$90 per month he pays for the child's insurance. § 61.30(8). Thus appellant’s child support payment should have been $430.41-$433.45 per month. By misapplying the steps in the statute, the court erroneously calculated appellant's payment to be $481.74.